Filed 5/28/24  In re M.W. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re M.W., a Person Coming Under the Juvenile Court Law. | C099640 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>G.B. et al.,<br><br>Defendants and Appellants. | (Super. Ct. No. JD241801) |

Appellants Mi.W., father of the minor, M.W. (the minor), and G.B., mother of the minor, appeal from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  The parents contend the initial inquiry under the Indian Child Welfare Act (ICWA) by the Sacramento County

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

Department of Child, Family and Adult Services (Department) was insufficient because, although father and some maternal relatives claimed to have Native American ancestry, the Department failed to contact known relatives to inquire whether they knew of possible Native American ancestry and failed to contact multiple tribes. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department does not dispute that further ICWA compliance is warranted. We agree.

## I.  BACKGROUND

On February 16, 2022, the Department filed a petition alleging that the minor came within the provision of section 300, subdivision (b)(1), failure to protect. The Department asked the parents about possible Native American ancestry, and mother initially denied any such ancestry. However, father provided Parental Notification of Indian Status (ICWA-020) forms, stating he had Cherokee ancestry. At the detention hearing, the juvenile court found that there was reason to believe the minor was an Indian child within the meaning of the ICWA and directed the Department to conduct further inquiry. The Department inquired with the maternal grandmother and maternal uncle, who both reported possible Blackfeet ancestry. The Department made one attempt to contact two additional maternal relatives but was unsuccessful. Although the Department did make an inquiry with the Blackfeet tribe, the letter did not include the maternal grandparents' respective dates and places of birth. Additionally, the record does not disclose whether the Department made any effort to contact any paternal relatives regarding father's claim of Cherokee ancestry. Thus, the Department made an informal inquiry with the Cherokee tribes without first obtaining any further pertinent information from the paternal grandfather, the purposed source of the minor's potential Cherokee ancestry.

The juvenile court found that the ICWA did not apply based on the responses from the Cherokee and Blackfoot tribes. Subsequently, at the contested selection and

2

implementation hearing pursuant to section 366.26, the court terminated parental rights as to mother and father.

## II. DISCUSSION

"The ICWA defines an ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.) "[F]rom the [Department]'s initial contact with a minor and his [or her] family, [section 224.2] imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child. (§ 224.2, subds. (a), (b).) Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the [Department] 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.' (*Id*., subd. (e), italics added.) Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply. (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) Section 224.2, subdivision (b) provides: "Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).) We review claims

3

of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

The Department does not dispute the parents' claim that the Department failed to exercise due diligence in contacting multiple known paternal and maternal relatives about the minor's ancestry. Additionally, the Department does not dispute the parents' claim that its inquiry with the Blackfeet and Cherokee tribes may be insufficient because it did not first attempt to obtain more information from additional known paternal and maternal relatives regarding the claims of Indian heritage with the respective tribes. Accordingly, we will remand the case to the juvenile court for further proceedings to address compliance with the inquiry and notice provisions of the ICWA and entry of new findings regarding the applicability of the ICWA. (See § 224.2, subd. (b); see also *In re Y.W.* (2021) 70 Cal.App.5th 542, 554; *In re A.C.* (2022) 75 Cal.App.5th 1009, 1016-1018.)

## III.  DISPOSITION

The orders terminating parental rights are conditionally affirmed for both parents subject only to full compliance with the ICWA as described in this opinion.  If, on remand, the juvenile court determines the minor is an Indian child within the meaning of the ICWA, the court shall vacate its previous orders terminating parental rights and conduct further proceedings consistent with the ICWA, including a new section 366.26 hearing.  (25 U.S.C. § 1914; § 224, subd. (e).)



/S/
_____
RENNER, J.



We concur:


/S/
_____
ROBIE, Acting P. J.


/S/
_____
BOULWARE EURIE, J.